UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | |
| v. | * * | |
| ROBIN MARTINEZ SUAZO, | * * | Criminal Action No. 18-cr-10410-ADB |
| Defendant. | * * * * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

BURROUGHS, D.J.

Currently before the Court is Robin Martinez Suazo's ("Martinez Suazo") motion for compassionate release pursuant to 18 United States Code, Section 3582. [ECF Nos. 262, 265]. For the reasons set forth below, the motion is GRANTED.

## I.    FACTUAL BACKGROUND

On August 26, 2020, Martinez Suazo pled guilty, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B), to five counts, including conspiracy to possess and to possess with intent to distribute cocaine (Count One); possession with intent to distribute cocaine (Count Two; possession of a firearm in furtherance of a drug trafficking crime (Count Three); possession with intent to distribute 400 grams or more of fentanyl (Count Four); and unlawful reentry of a deported alien (Count Five). [ECF Nos. 134, 137]. On April 8, 2022, Martinez Suazo was sentenced to 74 months incarceration which was significantly below the advisory guideline sentencing range and the sentence recommended by the government. [EFC Nos. 253, 254].

Less than a year later, on March 6, 2023, Martinez Suazo, representing himself, filed a motion for compassionate release. [ECF No. 262]. On July 19, 2023, he filed a motion for the appointment of counsel regarding his motion for compassionate release which the court granted that same day. [ECF Nos. 263, 264]. His appointed counsel filed a supplemental motion for compassionate release, on October 20, 2023.[1] [ECF No. 265]. The government has not responded to the motion.

Martinez Suazo seeks compassionate release based on his mother's health situation, his own new medical conditions, and the fact that his place of detention has a documented history of COVID-19 cases. [ECF No. 265].

For purposes of this motion, the Court assumes familiarity with the ongoing COVID-19 pandemic, the risk to inmates within the federal prison system, and the now widespread availability of vaccines that help to prevent or moderate cases of COVID-19.

## II.   DISCUSSION

Martinez Suazo represents that he has exhausted his administrative remedies and provides supporting documentation. [ECF Nos 265, 265-1]. The Court has no reason to question that he has satisfied the exhaustion requirement.

Martinez Suazo seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF No. 265 at 1–2]. Previously, incarcerated defendants could seek release under this statute only upon motion of the BOP. The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

---

[1] The Court notes that his counsel reports an anticipated release date of December 20. 2023, which will likely be followed by a period of time in immigration custody. [ECF No. 265 at 3].

> [t]he Court may not modify a term of imprisonment once it has been imposed
> except that . . . in any case . . . the [C]ourt, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . after considering the factors set forth in [18
> U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . .
> (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such
> a reduction is consistent with applicable policy statements issued by the Sentencing
> Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a

defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court

determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the
> community, . . . ; and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Martinez Suazo has the burden of proving that he is entitled to relief under 18 U.S.C. §

3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks

decreased punishment, he or she has the burden of showing that the circumstances warrant that

decrease."). To meet this burden, he must satisfy three requirements. See United States v.

Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must

show that "extraordinary and compelling reasons" warrant his release; second, he must show that

release is consistent with the Sentencing Commission's policy, which requires showing that he is

not a danger to the safety of any other person or the community; finally, he must show that the

sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons"

support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

A.      **"Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)**

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons."  United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Martinez Suazo first asserts that his mother is terminally ill and that he would like to see her, but also that she has no one else to care for her.  Given her prognosis and the fact that Martinez Suazo only has a few more weeks in custody, the Court will grant his motion on this basis.  This reason would not generally, alone, be sufficient grounds for release, but under the facts and circumstances presented here, the Court determines that release is warranted.

Given this determination, the Court will not address his other reasons for release other than to say that neither of them is sufficiently "extraordinary and compelling" to justify his early release.

B.      **Dangerousness and the § 3553(a) Factors**

First, the Court must consider whether Martinez Suazo is "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  Here, given Martinez Suazo's personal history and criminal history, particularly the fact that his conviction involved a firearm,

the Court cannot conclude that he does not pose a danger to the safety of the community, but does find that this risk is no greater now than if he were released in month, as scheduled. And the Court is hopeful that allowing Martinez Suazo time with his mother will help him appreciate that other families too crave time together in a safe environment, without a threat of drug related violence.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>   (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B)    to afford adequate deterrence to criminal conduct;
>   (C)    to protect the public from further crimes of the defendant; and
>   (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring Martinez Suazo's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Martinez Suazo this little bit early, given his family circumstances, will not be inconsistent with the purposes of sentencing including punishment and deterrence.

5

**III.    CONCLUSION**

The Court finds that Martinez Suazo has met his burden of demonstrating that

compassionate release is justified.  Accordingly, his motion for compassionate release, [ECF

Nos. 262, 265], is <u>GRANTED</u>.

**SO ORDERED.**

December 1, 2023                                             <u>/s/ Allison D. Burroughs</u>
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE